**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-1603**

---

JESSICA MARILU ARANIVA-AMAYA; A.N.M.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted:  April 19, 2022                    Decided:  June 16, 2022

---

Before DIAZ and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

**ON BRIEF:** Mariam Masumi Daud, JOHNSON & MASUMI, P.C., Vienna, Virginia, for Petitioners. Brian M. Boynton, Acting Assistant Attorney General, Holly M. Smith, Assistant Director, David J. Schor, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jessica Marilu Araniva-Amaya and her minor child, natives and citizens of El Salvador, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the Immigration Judge's decision denying Araniva-Amaya's request for asylum, withholding of removal, and protection under the Convention Against Torture. We have thoroughly reviewed the record and conclude that the evidence does not compel a ruling contrary to any of the administrative factual findings, *see* U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the denial of relief, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).* Accordingly, we deny the petition for review for the reasons stated by the Board. *See In re Araniva-Amaya* (B.I.A. Apr. 23, 2021). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

* In addition, we find that Araniva-Amaya has not shown prejudice to support a due process claim, *see Rusu v. INS*, 296 F.3d 316, 320 (4th Cir. 2002), and that remand to address recent caselaw is not warranted.